In this situation, it is my view that there was no—

\* \* \* price at the time of exportation of such merchandise to the United States, at which such or similar merchandise [was] freely offered for sale for home consumption to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, \* \* \*

and, consequently, no foreign value therefor, within the meaning of the statute as it has been construed, existed. As the parties have confined their proof to the single issue of foreign value and offered no proof as to any other basis of value other than to establish that no export value existed, I believe that this court and the court below have no evidence before them upon which the value of the merchandise can be determined.

Judgment should therefore issue reversing the decision and judgment of the court below and remanding the cases to the said court with instruction to dismiss the appeals for reappraisement for lack of proof.

**REHEARING MOTION DENIED**

MAY 7, 1953

**A. R. D. 22.** *United States* v. *Schroeder & Tremayne, Inc., James H. Rhodes & Co.* Entered at New York, N. Y. A. R. D. 16. Motion by appellant.

## (A. R. D. 23)

UNITED STATES *v.* BLAKE-MOFFITT & TOWNE, INC. (BORDER BROKERAGE CO.), ET AL.

BLAKE-MOFFITT & TOWNE, INC. (BORDER BROKERAGE CO.), ET AL. *v.* UNITED STATES

